IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL DIAMOND, : CIVIL NO. 3:10-CV-384
    Petitioner :
: **(Judge Munley)**
v. :
:
COMMONWEALTH OF PA, :
    Respondent :

## MEMORANDUM

Petitioner Darryl Diamond ("petitioner"), a former Pennsylvania state inmate, initiated this action with the filing of a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1.) He challenges a 2008 Court of Common Pleas of Lebanon County sentence imposed following revocation of his probation. (Doc. 1.) For the reasons that follow, the petition will be denied.

I. **Background**

On January 28, 2004, petitioner pleaded guilty to a charge of retail theft graded as a felony of the third degree and, on March 24, 2004, the court imposed a sentence consisting of intermediate punishment in the form of assignment to an addiction treatment program at Jubilee Ministry Aftercare, to be followed by a period of twelve months probation. (Doc. 12-3, at 1.) He remained incarcerated for twelve months before commencing the treatment program. (Id. at 1, 2.)

On August 30, 2006, his probation was revoked for failure to comply with the conditions of his probation and he was sentenced to a term of imprisonment from fourteen

months to sixty months. (Id. at 2.) Petitioner was without counsel at this revocation hearing and no colloquy was undertaken addressing his lack of counsel. (Id.) No appeal was taken from the order of revocation or the judgment of sentence. (Id.)

On November 27, 2006, he filed a petition for post conviction relief, pursuant to the Pennsylvania Post Conviction Relief Act, 42 PA.CONS. STAT. §§ 9541-9546, alleging, *inter alia*, that his Sixth Amendment right to counsel was violated, and that the sentence imposed upon the revocation was the result of "vindictiveness," and that the trial court erred when it sentenced him for a probation violation that was filed after the probationary term expired. (Doc. 12-17, at 2.) His petition was denied on March 29, 2007. (Doc. 12-4.) He appealed this decision to the superior court claiming that "the trial court erred when it (1) dismissed his post conviction relief act petition, (2) sentenced him after a probation revocation hearing without counsel, and (3) sentenced him for a probation violation that was filed after his probationary term had expired." (Doc. 12-13, at 4.) On February 4, 2009, the superior court issued an opinion finding as follows:

> Thus, it is clear beyond peradventure that the trial judge in this case, prior to the revocation of appellant's probation and the imposition of sentence, had an obligation to make inquiry of appellant about his understanding of his right to counsel and his appearance before the Court in a pro se capacity. See: Commonwealth v. Patterson, ___ A.2d ___, 2007 WL 2297942 (Pa. Super. 2007). Consequently, the failure of the trial court to grant PCRA relief on this claim was an error that requires reversal by this court.
>
> Order reversed. The judgment of sentence is vacated. Case remanded for further proceedings.

(Doc. 12-13, at 7-8.) The court also stated in a footnote that "[i]n light of our decision that

2

appellant is entitled to PCRA relief in the form of the vacatur of sentence and the assistance of counsel in any future revocation proceeding, we do not address his third issue, [that the trial court sentenced him for a probation violation that was filed after his probationary term had expired], which appointed counsel may yet argue in that future proceeding." (Id. at 8, n. 7.)

Petitioner was resentenced on January 17, 2008, to fourteen months to five years incarceration in a state correctional institution. (Doc. 12-17.) He appealed from the judgment of sentence raising the sole issue of "whether the lower court erred in revoking his probation where the allegations of a violation were filed after his probation term expired." (Doc. 12-17, at 1 (footnote omitted).) Because petitioner did not raise the issue before the trial court, and, hence, failed to preserve it for review in accordance with Pennsylvania Rule of Appellate Procedure 302(a), the superior court deemed the issue waived and affirmed the judgment of sentence. (Id. at 2.) He filed the instant petition on February 22, 2010, alleging that the trial court imposed an illegal sentence, that he was resentenced in violation of the double jeopardy clause, and that counsel was ineffective. (Doc.1.)

## II. Discussion

A habeas corpus petition pursuant to 28 U.S.C. § 2254 is the proper mechanism for a prisoner to challenge the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-499 (1973). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions." Estelle v. McGuire, 502 U.S. 62, 67-8

3

(1991). Rather, federal habeas review is restricted to claims based "on the ground that [petitioner] is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); Estelle, 502 U.S. at 67-8; see also Pulley v. Harris, 465 U.S. 37, 41 (1984); Johnson v. Rosemeyer, 117 F.3d 104 (3d Cir. 1997).

### A. Timeliness

A petition filed under § 2254 must be timely filed under the stringent standards set forth in the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub.L. No. 104-132, 110 Stat. 1214 (Apr. 24, 1996). See 28 U.S.C. § 2244(d) (1). Respondent contends that the petition is untimely filed. A state prisoner requesting habeas corpus relief pursuant to § 2254 must adhere to a statute of limitations that provides, in relevant part, as follows:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of-
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review. . .
> .
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1)-(2); see Jones v. Morton, 195 F.3d 153, 157 (3d Cir. 1999). Thus, under the plain terms of § 2244(d)(1)(A), a state court criminal judgment does not become final until appeals have been exhausted or the time for appeal has expired. See Nara v. Frank, 264 F.3d 310, 314 (3d Cir. 2001).

4

Following his January 16, 2008 sentencing, petitioner filed an appeal with the Superior Court of Pennsylvania. The appeal was dismissed on February 3, 2009. No further state court review was sought by petitioner. Therefore, his judgment became final on or about May 4, 2009, the date on which his time to seek direct appellate review expired. The one-year period for the statute of limitations commenced running as of that date and expired one year later. The instant petition was filed on February 22, 2010, and, thus, was timely.

B. **Procedural Default**

A federal court may not grant habeas relief to a state prisoner unless the prisoner exhausted his available remedies in state court. 28 U.S.C. § 2254(b); Cone v. Bell, ___ U.S. ___, 129 S.Ct. 1769, 1780 (2009); O'Sullivan v. Boerckel, 526 U.S. 838, 844-45 (1999). A state prisoner must complete "the State's established appellate review process" to "give the state courts one full opportunity to resolve any constitutional issues." O'Sullivan, 526 U.S. at 845; Nara v. Frank, 488 F.3d 187, 197 (3d Cir. 2007); see Cone, 129 S.Ct. at 1780-81; see also Woodford v. Ngo, 548 U.S. 81, 92 (2006). A petitioner "shall not be deemed to have exhausted the remedies available . . . if he has the right under the law of the [s]tate to raise, by any available procedure, the question presented." 28 U.S.C. § 2254(c).

A state prisoner exhausts state remedies by giving the "state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan, 526 U.S. at 844-45. Respect for the state court system requires that the petitioner demonstrate that the claims in question have

5

been "fairly presented to the state courts." Castille v. Peoples, 489 U.S. 346, 351 (1989). The relevant inquiry is whether the petitioner presented in state courts the legal theory and supporting facts asserted in the federal habeas petition. Nara, 488 F.3d at 197-98; Keller v. Larkins, 251 F.3d 408, 413 (3d Cir. 2001). While the petitioner need not cite "book and verse" of the federal Constitution, Picard v. Connor, 404 U.S. 270, 277 (1971), he must "give the State 'the opportunity to pass upon and correct' alleged violations of its prisoners' federal rights" before presenting those claims here, Duncan v. Henry, 513 U.S. 364, 365 (1995) (quoting Picard, 404 U.S. at 275).

### 1. Double Jeopardy and Ineffective Assistance of Counsel

Petitioner never raised in state court the claims that he was resentenced in violation of the double jeopardy clause and that counsel was ineffective. If he could still present these federal claims to the state courts, the petition would be dismissed without prejudice to his right to pursue the claims through a Post Conviction Relief Act ("PCRA") petition. However, the time for utilizing the PCRA has expired. The Pennsylvania state courts have made it clear that the time limitations set forth in the PCRA are jurisdictional. Commonwealth v. Fahy, 558 Pa. 313, 737 A.2d 214 (1999); Commonwealth v. Banks, 556 Pa. 1, 726 A.2d 374, 376 (1999); Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 641 (1998). As the Pennsylvania Supreme Court has observed, there are three narrow exceptions to the one-year time limitation for seeking PCRA relief; government misconduct, after-discovered evidence, and constitutional change. Commonwealth v. Gamboa-Taylor,

6

562 Pa. 70, 753 A.2d 780, 783 (Pa. 2000). See also Commonwealth v. Peterkin, 554 Pa. 547, 722 A.2d 638, 643 (Pa. 1999) (stating that "the exceptions to [PCRA] filing period encompass government misconduct, after-discovered evidence, and constitutional changes").

Petitioner does not argue that the failure to raise the claim previously was the result of interference by government officials. Nor could he argue that the facts upon which the claim is predicated were unknown and could not have been ascertained by the exercise of due diligence. The third exception is also unavailable in that there is no indication that the right asserted involves the retroactive application of a constitutional right recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the fact.

However, even if a petitioner qualifies for one of these narrow exceptions, the PCRA must still be brought within sixty days. The Supreme Court noted the following:

> When a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial court has no power to address the substantive merits of a petitioner's PCRA claims.

Gamboa-Taylor, 562 Pa. 70, 753 A.2d at 783. Petitioner filed the petition in this court on February 22, 2010. Clearly the sixty days have since lapsed. He is therefore barred from proceeding further in state court.

For claims that were not fairly presented to the state court, but for which "further state-court review is clearly foreclosed under state law, as is the case here, exhaustion is excused on the ground of futility." Wenger v. Frank, 266 F.3d 218, 223 (3d Cir. 2001).

7

Although deemed exhausted, such claims are also procedurally defaulted; federal courts are not permitted to evaluate the merits of procedurally defaulted claims unless the petitioner "establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse the default." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also Coleman v. Thompson, 501 U.S. 722, 750-51 (1991). To demonstrate "cause" for a procedural default, the petitioner must show that "'some objective factor external to the defense . . . impeded [his or her] efforts to comply with the [state] procedural rule.'" Leyva v. Williams, 504 F.3d 357, 366 (3d Cir. 2007) (quoting Slutzker, 393 F.3d at 381); Murray v. Carrier, 477 U.S. 478, 488 (1986). The petitioner may demonstrate prejudice by establishing the existence of errors that "worked to his actual and substantial disadvantage, infecting the entire proceeding with error of constitutional dimensions." Murray, 477 U.S. at 494. Finally, a federal court may excuse procedural default when its failure to review the claim will result in a fundamental miscarriage of justice. Edwards v. Carpenter, 529 U.S. 446, 451 (2000); Wenger, 266 F.3d at 224. The miscarriage of justice exception applies only in extraordinary cases where a "constitutional violation has probably resulted in the conviction of one who is actually innocent." Murray, 477 U.S. at 496. " '[A]ctual innocence' means factual innocence, not mere legal insufficiency." Bousley v. United States, 523 U.S. 614, 623 (1998).

In the matter *sub judice*, although exhaustion is excused, the claims are deemed procedurally defaulted. However, petitioner does not establish, and there is nothing in the record that reveals cause or prejudice to excuse his default. Nor does he argue that he is

actually innocent. Accordingly, these claims are procedurally defaulted.

2. <u>Illegal Sentence</u>

His claim that he was illegally sentenced, while raised in state court, was deemed waived by the Superior Court of Pennsylvania for failure to comply with Pennsylvania Rule of Appellate Procedure 302(a) stating that issues not raised in the lower court are waived and cannot be raised for the first time on appeal. An issue is waived if a petitioner fails to raise it and the issue could have been raised before trial, at trial, on appeal, in a habeas corpus proceeding, or in a prior proceeding. 42 PA. CONS.STAT. § 9544(b); see also <u>Sistrunk v. Vaughn</u>, 96 F.3d 666, 671 n .4 (3d Cir.1996) ("[Pennsylvania Rules of Appellate Procedure, Rule 302(a)] dictate[s] that an issue raised at the trial level but not preserved on appeal will not be considered by any subsequent appellate court"); <u>Commonwealth v. D'Collanfield</u>, 805 A.2d 1244, 1246 (Pa. Super. Ct. 2002) (issue not preserved on appeal waived).

Such state law waiver rules are independent and adequate state law grounds that bar federal habeas review. <u>Peterson v. Brennan</u>, 196 Fed. App'x 135, 142 (3d Cir. 2006); <u>Griggs v. DiGuglielmo</u>, Civil No. 06-1512, 2007 WL 2007971, at *5 (E.D. Pa. July 3, 2007); <u>Frey v. Stowitzky</u>, No. 2:06-CV-4490, 2007 WL 1574768, at *2 (E.D. Pa. May 31, 2007) (claims procedurally defaulted in federal court because petitioner's direct appeal was dismissed for failure to file a brief and his PCRA petition was untimely). These are rules of general applicability which are "firmly established, readily ascertainable, and regularly followed." See <u>Leyva v. Williams</u>, 504 F.3d 357, 366 (3d Cir. 2007) (quoting <u>Szuchon v. Lehman</u>, 273 F.3d 299, 327 (3d Cir. 2001)); see also <u>Cone</u>, 129 S.Ct. at 1780.

Because the state court found the claim waived based on an independent and adequate state procedural rule this claim is procedurally defaulted. In order to have the court consider the merits of his claims, petitioner must show "cause and prejudice" or a "fundamental miscarriage of justice" to excuse default. He has not presented any evidence of his cause for default or prejudice; nor has he demonstrated that a failure to review his petition would result in a fundamental miscarriage of justice. Consequently, this claim is procedurally defaulted.

## III. Certificate of Appealability

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322 (2003). Because reasonable jurists could not disagree with the resolution of this petition, there is no basis for the issuance of a COA.

## IV. Conclusion

In accordance with the foregoing, the petition for writ of habeas corpus will be denied. An appropriate order will issue.

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court

Dated: November 17, 2010

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DARRYL DIAMOND, : CIVIL NO. 3:10-CV-384
    Petitioner :
        : (Judge Munley)
v. :
        :
COMMONWEALTH OF PA, :
    Respondent :

## ORDER

AND NOW, to wit, this 17th day of November 2010, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. Petitioner's petition for writ of habeas corpus is DENIED.

2. The Clerk of Court is directed to CLOSE this case.

3. There is no basis for the issuance of a certificate of appealabilty. See 28 U.S.C. § 2253(c).

BY THE COURT:

JUDGE JAMES M. MUNLEY
United States District Court